IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYAN KEITH SZALLAR,  )
      Plaintiff,  )
  -vs-  )  Civil Action No. 14-809
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
      Defendant.  )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 4 and 6). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 5 and 7). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 4) and granting Defendant's Motion for Summary Judgment. (ECF No. 6).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since April 6, 2010. (ECF No. 3-5, p. 2). Administrative Law Judge ("ALJ"), Lamar W. Davis, held a hearing on October 17, 2012. (ECF No. 3-2, pp. 35-57). On November 5, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 3-2, pp. 24-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 4 and 6). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity ("RFC")[1]

Plaintiff asserts the ALJ erred "by dramatically overstating Mr. Szallar's residual functional capacity."[2] (ECF No. 5, pp. 8-12). To that end, Plaintiff first suggests that the ALJ incorrectly concluded that his testimony is not credible. (ECF No. 5, p. 9). I disagree.

In evaluating whether a plaintiff's statements concerning the intensity and persistence of his/her symptoms are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

[2] The ALJ found that Plaintiff has the RFC to perform light work with certain limitations. (ECF No. 3-2, p. 27). Plaintiff can "perform only occasional fine dexterity, involving feeling, picking or pinching with his dominant, right upper extremity, and he can perform only incidental postural adaptations, defined as totaling not more than 1/6 of a routine 8-hour work shift. Further, the claimant cannot be exposed to hazards, such as unprotected heights and dangerous machinery. Finally, given his pain and sleep deprivation, he can perform only simple, routine and repetitive tasks involving no independent judgment or discretion, and no changes in work processes." *Id.*

3

other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility and his opinion is based on substantial evidence. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 3-2, pp. 27-31). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence to his complaints and found them to be contradictory. *Id*. The ALJ also discussed the fact that Plaintiff's complaints were contradicted by his daily activities and his testimony was inconsistent. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p and, based on the entire record as a whole, there is substantial evidence to support the ALJ's conclusion.[3] *Id.* Therefore, I find no error in this regard.

Next, Plaintiff suggests that in determining the RFC the ALJ improperly ignored his "treating physicians' determinations that he was in continued severe pain and dysfunction from his shoulder injury…." (ECF No. 5, pp. 11). After a review of the record, I disagree.

To begin with, there is difference between treatment records, reports and evaluations and medical opinion evidence regarding a plaintiff's functional limitations. *See,* 20 C.F.R. §404.1527(a)(2). None of Plaintiff's treating physicians set forth medical opinion evidence regarding plaintiff's functional limitations. Rather, the records only contain Plaintiff's complaints, clinical and diagnostic findings, diagnoses, and treatment recommendations. Thus, the ALJ was not required to weigh such evidence. 20 C.F.R. §404.1527(c). Nonetheless, and contrary

---

[3] In support of his argument that his testimony is credible, Plaintiff argues that his treating physicians' records support his testimony. (ECF No. 5, pp. 9-12). The standard of review, however, is not whether there is evidence to establish Plaintiff's position. Rather, the standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument on this point is misplaced.

to Plaintiff's position, the ALJ specifically considered these records in making his RFC determination. (ECF No. 3-2, pp. 26-30). Consequently, I find no merit to the argument that such evidence was improperly ignored.

### C. Vocational Expert

Plaintiff's next argument is that the ALJ erred by "improperly disregarding vocational expert testimony." (ECF No. 5, p. 12). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 3-2, pp. 27-31). Consequently, I find no error in this regard.

### D. Listing §1.02

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal §1.02 of the Listing of Impairments and that he did not sufficiently explain why he did not meet or equal this listing. (ECF No. 5, pp. 13-17). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Specifically, Plaintiff suggests that he meets all of the elements required by §1.02B. (ECF No. 5, pp. 13-15). Listing 1.02B – Major dysfunction of a joint(s) (due to any cause) provides:

> **1.02 *Major dysfunction of a joint(s) (due to any cause)*:** Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony

5

destruction, or ankylosis of the affected joint(s). With:

. . .

B. Involvement of one major peripheral joint **in each upper extremity** (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P., app. 1 §1.02B (emphasis added).  As the language of the Listing clearly indicates, the required level of severity for this disorder is met when it involves one major peripheral joint *in each upper extremity*. Id.  Plaintiff only argues, however, that his injury involves his right shoulder joint.  (ECF No. 5, pp. 13-17).  Plaintiff never mentions his left extremity.  Id.  Without each upper extremity being involved, §1.02B obviously does not apply.  20 C.F.R. pt. 404, subpt. P., app. 1 §1.02B  As a result, I find the ALJ was not required to provide any further explanation other than the statement he gave.[4]  Consequently, I do not find remand is warranted on this basis.

An appropriate order shall follow.

---

[4] The ALJ stated: "Consideration has been given to all of the claimant's musculoskeletal system complaints in accordance with the revised musculoskeletal listings published at *66 Fed. Reg. 58010, November 19, 2001,* effective February 19, 2002.  None of the medical findings concerning the claimant's impairments meet or equal the criteria for severity in any of those listings." (ECF No. 3-2, p. 26).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYAN KEITH SZALLAR,            )
                                )
        Plaintiff,               )
                                )
   -vs-                          )        Civil Action No. 14-809
                                )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 4) is denied and Defendant's Motion for Summary Judgment (Docket No. 6) is granted.

                                                 BY THE COURT:

                                         s/ Donetta W. Ambrose
                                           Donetta W. Ambrose
                                           United States Senior District Judge